In the Matter of the Application of the QUICKSILVER MINING COMPANY, a Corporation, for Voluntary Dissolution. ROBERT GIBSON and GEORGE A. STRONG, Appellants; JOSEPH KAUFMANN and Others, Petitioners, Respondents.

First Department, February 7, 1919.

Corporations — voluntary dissolution — insolvency of corporation — failure of contestants to demand that corporation bring action against directors for mismanagement or for annulment of improvident lease — dissolution denied pending proper action by contestants.

Proceeding for the dissolution of a mining corporation instituted by a majority of the directors pursuant to the provisions of section 170 of the General Corporation Law. The dissolution is asked upon the ground that there is a judgment against the corporation still unsatisfied, and that it is otherwise indebted and insolvent, and that a dissolution will be for the best interests of the creditors of the corporation and of its stockholders. The dissolution is resisted upon the ground that the corporation has leased valuable mining lands owned by it, that the lease was unduly favorable to the lessee who is virtually in control of the corporation sought to be dissolved, that the officers of the corporation failed to protect its interests in making the lease and in supervising the operations thereunder which have been conducted in bad faith, and that large profits have been made by the lessee which have been unlawfully expended so as to deprive the corporation of the profits to which it would be entitled under the lease. The contestants failed to follow a ruling of the referee in regard to proof as to the source from which certain moneys were obtained and have failed to institute any action or proceeding for the redress of the acts complained of against the officers of the company, or against the lessee, nor does it appear that they contemplate any step in this regard.

*Held*, that under the circumstances and irrespective of the merits the contestants should have an opportunity, if so advised, to call upon the corporation to bring an action against the directors for mismanagement and against the lessee for the annulment of the lease, or for an accounting, and to bring such actions as stockholders if the company fails to do so, and that the dissolution should be denied with leave to the petitioners to renew the same after three months unless in the meantime said actions or proceedings should be instituted.

APPEAL by Robert Gibson and another from a final order of the Supreme Court, made at the New York Special Term

and entered in the office of the clerk of the county of New York on the 12th day of August, 1918, confirming the report of a referee and dissolving the corporation.

*George A. Strong* of counsel [*Duer, Strong & Whitehead,* attorneys], for the appellants.

*T. Tileston Wells,* for the respondents.

LAUGHLIN, J.:

This is a proceeding for the dissolution of the Quicksilver Mining Company instituted by a majority of the directors thereof pursuant to the provisions of section 170 of the General Corporation Law (Consol. Laws, chap. 23; Laws of 1909, chap. 28). The statute provides that the majority of the directors of a corporation may present a petition to the Supreme Court praying for a final order dissolving it if they " discover that the stock, effects, and other property thereof are not sufficient to pay all just demands, for which it is liable, or to afford a reasonable security to those who deal with it; or if, for any reason, they deem it beneficial to the interests of the stockholders that the corporation should be dissolved." Section 174 (as amd. by Laws of 1909, chap. 240) prescribed that the petition must show that the case comes within the statutory provisions and must state the reasons which induced the petitioners to desire the dissolution of the corporation, and that there must be annexed thereto a schedule specifying, among other things, all unsatisfied engagements entered into by, and existing against, the corporation, and the names of the creditors and of the persons to whom the corporation is obligated and the amounts owing and the nature of each debt, demand or other engagement and a statement of the true cause and consideration of each indebtedness and an inventory of the property and a statement of the incumbrances thereon and the names and residences of the stockholders and the number of shares held by each. Section 178 (as amd. by Laws of 1909, chap. 240) provides that the court may, in its discretion, entertain or dismiss the application and that where the cause is one specified in section 170 the court must make an order requiring all persons

interested in the corporation to show cause before it or before a referee designated in the order, at a time and place to be specified as therein required, why the corporation should not be dissolved. The court entertained the application and granted such an order to show cause before a referee. The statute does not expressly require the filing of an answer by any person cited who opposes the dissolution, but section 186 requires the court or referee to hear the *allegations and proofs* of the parties and to determine the facts. From the reported cases the practice appears to be to file answers, and that would seem proper, but none was filed in the case at bar. No point, however, was raised with respect thereto. The petition conformed to the requirements of the statute and the petitioners offered evidence tending to sustain all the material allegations thereof.

It appears by the petition and evidence that with the exception of some office furniture of little value, the only property of the corporation is the title to some 6,800 acres of mining land at New Almaden, Santa Clara county, Cal., which is subject to an outstanding lease thereof executed by the corporation to one Sexton, February 4, 1915, for twenty-five years. At the time the lease was executed the company owed outstanding notes aggregating $55,826, for money theretofore loaned to it, which had at that time been expended. The lease provided that the lessee was to account semi-annually to the lessor and to pay it twenty per cent of the net profits derived thereunder. The lessee organized four corporations, of which he became president, one an operating company which was to do the mining, another a holding company which originally took the stock of the operating company, a third a financing company, which it is claimed through the holding company financed the operating company, and the fourth a store company, which conducted a store and sold supplies and provisions. When the lease was made it was contemplated that it was to be assigned by the lessee to an operating company to be organized by him. It appears to have been assigned to the operating company by the consent of the holding company. No net profits have been reported to the lessor as having been made under the lease. One of the conditions upon which the lease was made was

that the lessee should obtain an extension for three years of the then outstanding notes of the company. That was done, and the notes are now held by the holding company and were to become due shortly after the institution of this proceeding. A judgment for some $10,000 was recovered against the company in California evidently for legal services, and affirmed on appeal and remains unsatisfied. The company is otherwise indebted and has outstanding obligations which, together with the notes and the judgment, aggregate about $80,000.

The proceedings were instituted on the theory that the corporation was insolvent and that owing to its inability to meet these obligations its reversionary interest is liable to be sold under said judgment; and it is claimed that it will be for the best interest of the creditors of the corporation and of its stockholders to have the sale of said reversionary interest, which in the circumstances is claimed to be inevitable, made by receiver herein. On the hearing before the referee evidence was introduced by the appellants, principally on the cross-examination of the witnesses offered by the respondents, and by deposition tending to show and from which it is claimed that said lease was unduly favorable to the lessee, who was then and now is virtually in control of the corporation sought to be dissolved through his relations and influence with its officers; that the officers of the corporation failed to protect its interests in making the lease and in supervising the mining operations thereunder; that with the exception of said judgment the only indebtedness owing by the corporation is to the lessee or the companies organized and controlled by him; that the mining operations under the lease have been conducted in bad faith and that large profits have been made which it is claimed have been expended in the mining operations and in mining development and in equipment; that the lease is extremely valuable, but that operations thereunder have been conducted in such a manner as to indicate that it is without value, and that the lessee has taken advantage of broad provisions of the lease authorizing not only the deduction of the cost and losses of operation from the gross receipts in determining the net profits, but authorizing the lessee to use the income derived from operation

without limitation in making improvements and developing the mines, and to deduct all amounts so expended in determining net profits; that notwithstanding the fact that the lessee has received more than $550,000 from operations under the lease, it claims to have expended in such operations and in equipment and development all of that amount and about $150,000 in addition thereto which it claims to have borrowed, and that on a proper construction of the lease and an accounting thereunder it will appear that net profits in large amounts have been made, to twenty per cent of which the company is entitled under the lease, and that if they were paid it would be able to meet its obligations or to finance them.

The appellants complain of some alleged erroneous rulings by the referee and some of their claims are well founded, but I think that they fail to show that they are entitled to a reversal of the order on that ground. The principal contention in this regard is that the referee precluded them from inquiring from what source money aggregating $150,000, which it is claimed was invested in the mining operations under the lease over and above the receipts was obtained. But when that ruling was made the learned referee suggested that it was immaterial where the money was obtained provided it was expended under the lease and that they would be afforded every opportunity to show whether or not it was so expended and that if it should then become material to inquire whether the money was in fact obtained the appellants might again inquire with respect to the source from which the money was obtained. They failed to follow the ruling and did not again inquire with respect to the source from which the money was obtained. Another item of which complaint was made is with respect to the limitation of cross-examination concerning the ownership of the judgment. The appellants sought to show that the lessee or one of the companies he organized either owned or was interested in the judgment by assignment or otherwise. They were, however, permitted to bring out all of the material facts with respect thereto known to the witness.

As matters stand, this company is insolvent and unable to meet its obligations. The appellants contend that the order should be reversed and the proceedings dismissed on

First Department, February, 1919.        [Vol. 186.

the ground that this was a cut-throat lease and the officers of the corporation are under the domination of the lessee, and that the object of the proceedings is to enable those interested in the lease to acquire the reversion. The only authorities cited by the appellants in support of their contention that the proceeding should be dismissed are *Farmers' L. & T. Co.* v. *N. Y. & N. R. Co.* (150 N. Y. 410) and *Vallery* v. *Denver & R. G. R. R. Co.* (236 Fed. Rep. 176); but neither of those decisions relates to a proceeding for the dissolution of a corporation or purports to decide the considerations which should influence the court in granting or withholding the dissolution of a corporation. They merely state and apply the general equitable doctrine that courts of equity will not aid parties in the consummation of a fraud or assist in the betrayal of a trust. Unless in some manner this corporation comes into funds it should be dissolved for manifestly it was the legislative intent that hopelessly insolvent corporations should be dissolved. So far as appears, the appellants have not instituted any action or proceeding for the redress of the acts complained of against the officers of the company or against the lessee, nor do they say that they contemplate any step in that regard. Their suggestion, if adopted, would leave the company in existence, but it is not apparent that it would inure to the benefit or advantage of the appellants or other stockholders. The claims of the appellants, somewhat vaguely asserted, are, as we understand them, *first*, that there may be an action in favor of the stockholders to call the directors of the company to account for making an improvident lease and for neglect of duty, and, *second*, in favor of the company for the annulment of the lease, or an accounting thereunder. We refrain from expressing an opinion with respect to the merits of these contentions for all parties in interest are not before the court and the points are not presented for adjudication; but sufficient appears, we think, to warrant the court in affording the appellants, if they shall be so advised, an opportunity to call upon the company to bring an action against the directors, or any of them, for mismanagement and against the lessee for the annulment of the lease, or for an accounting thereunder, and on the failure of the company so to do, to bring such action as stockholders

in the right of the company. There are precedents not cited by either counsel which we think warrant this course. In *Matter of Great Northern Trading Co.* (168 App. Div. 536) we affirmed on the opinion of a referee an order denying a motion to dissolve a corporation with leave to renew after the lapse of six months in the event that no action or proceeding calling upon the officers and directors of the corporation to account for maladministration had been brought and was then pending. In *Matter of Rateau Sales Co.* (201 N. Y. 420), where pending the dissolution proceeding an action was brought by stockholders in the right of the company to avoid a rescission or forfeiture of a contract of the corporation which it was claimed was valuable, the court intimated that if the action presented a substantial controversy the pendency thereof would warrant the court in refraining from entering a decree of dissolution of the corporation until final judgment in the action.

It follows, therefore, that the order should be reversed, without costs, and the motion for dissolution denied, without costs, but with leave to respondents to renew after the expiration of three months, unless in the meantime an action or proceeding such as has been indicated shall be brought and be then pending, in which event the motion may be renewed after the final determination of the action or proceeding so brought.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concurred.

Order reversed, without costs, and motion for dissolution denied, without costs, with leave to respondents to renew as stated in opinion. Order to be settled on notice.